IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Andre D. Merritt, Plaintiff,

v.

P. Kaufmann, Inc., Defendant.

C/A No. 3:12-1795-JFA-PJG

**REPORT AND RECOMMENDATION**

The plaintiff, Andre D. Merritt ("Merritt"), filed this action asserting violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; as well as various state law claims against the defendant, P. Kaufmann, Inc. ("Kaufmann"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss Merritt's claims based on the federal anti-discrimination statutes.[1] (ECF No. 6.) Merritt filed a response in opposition (ECF No. 13), and the defendant filed a reply (ECF No. 17). Having reviewed the parties' submissions and the applicable law, the court finds that Kauffman's motion should be granted because Merritt's federal discrimination claims are time barred.

[1] Kauffman did not move to dismiss Merritt's state law breach of contract claim, and Merritt has stipulated to dismissal of his other state law claims. Accordingly, the only claims at issue for purposes of this motion are Merritt's Title VII, ADA, and ADEA claims.





## BACKGROUND

This matter arises of the termination of Merritt's employment with Kauffman on April 6, 2010. According to the parties' submissions, Merritt completed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2011, then signed an administrative charge on February 15, 2011 ("EEOC Charge"), which, the record shows, was not apparently filed with the EEOC until March 3, 2011. Merritt's EEOC Charge asserted race discrimination in violation of Title VII, age discrimination in violation of the ADEA, and disability discrimination and retaliation in violation of the ADA. Additionally, Merritt asserted in his EEOC Charge that on April 27, 2010 Kauffman "recoded" his termination to reflect that it was voluntary, which caused him problems continuing his health insurance coverage. Having obtained a right-to-sue letter from the EEOC, Merritt commenced this action.

## DISCUSSION

### A. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations





contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

**B. Requirement of Timely Exhaustion of Administrative Remedies**

Before filing suit under Title VII, the ADEA, or the ADA, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 12117(a) (ADA); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); 29 U.S.C. §626(d)(1)(B); 42 U.S.C. § 12117(a); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)). The failure to file a timely charge with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the

plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

**C. Timeliness of Merritt's Charge**

Kauffman argues in support of its motion that the court lacks subject matter jurisdiction over Merritt's federal claims, as Merritt concedes that he did not file an administrative charge within 300 days of his termination. Although the court agrees that Merritt's federal claims must be dismissed based on the record before the court, it is not because the court lacks subject matter jurisdiction. The United States Supreme Court has expressly held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).[2]

Nonetheless, the court finds Merritt's federal discrimination claims to be time barred, as Merritt has advanced no argument of waiver, estoppel, or equitable tolling in this case. Rather, he essentially advances a policy argument against strict enforcement of the deadline, contending that dismissal of his claims based on a charge that is untimely by only one day[3] results in too harsh a penalty. This argument fails under applicable law, as courts within the Fourth Circuit have strictly

---

[2] By contrast, in the case upon which Kauffman relies, Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009), the Fourth Circuit held that the *failure to exhaust* a claim, as opposed to filing a charge *untimely,* does deprive the court of subject matter jurisdiction. Id. at 300-01 & n.2.

[3] Merritt's statement that his charge was filed only one day late rests on his position that the court should use the date Merritt signed his intake questionnaire—February 1, 2011—as the date of his charge. The United States Supreme Court has recognized that in certain situations the intake questionnaire can constitute a charge. See Fed. Express Corp. v. Holowecki, 552 U.S. 389 (2008). However, the court need not engage in the analysis of whether Merritt's intake questionnaire can be treated as a charge under the Holowecki standard, because even using the February 1 date, Merritt's charge is still untimely.





enforced the limitations periods contained in the anti-discrimination statutes. See, e.g., Tangires v. Johns Hopkins Hosp., 79 F. Supp. 2d 587, 597 (D. Md. 2000) (ADA) (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see also Christian v. City of Annapolis, C/A No. JFM-06-1119, 2006 WL 2294539, at *1 (D. Md. Aug. 9, 2006) (dismissing a discrimination claim as untimely when it was filed 301 days after the alleged discriminatory act); Lewis v. Norfolk S. Corp., 271 F. Supp. 2d 807, 817-18 (E.D. Va. 2003) ("As the plaintiff has offered no reason for tolling the limitations period, any claims premised on [a charge filed on the 301st day] are untimely").

Merritt also intimates that applying the discovery rule renders his charge timely. Again, this argument fails under controlling law. Even assuming factually that Merritt's charge would be rescued by the discovery rule, controlling precedent in this circuit holds that the discovery rule does not apply to the limitations period for filing an administrative charge under the ADEA. See Hamilton v. 1st Source Bank, 928 F.2d 86 (4th Cir. 1990) (*en banc*); but see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 n.7 (2002) (deferring the question whether the discovery rule might apply under Title VII). Although it appears that no controlling authority has explicitly resolved this issue with regard to Title VII or the ADA, the Hamilton Court noted that the ADEA's limitations language mirrors that of Title VII,[4] Hamilton, 928 F.2d at 88 n.1, and courts have generally construed federal employment statutes similarly where their language is the same. Compare Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979) (construing a provision of the

[4] This court similarly observes that the statutory language of the ADEA and the ADA are the same on this issue, since the ADA incorporates Title VII's enforcement provisions. 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5 ("[S]uch charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred . . . .")).





ADEA that was "almost *in haec verba* with" a provision of Title VII to reflect judicial constructions of the Title VII provision); Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 220 n.2 (4th Cir. 1993) ("Although we were construing the definitions of 'employee' and 'employer' under the [ADEA], the operative language in ADEA is identical to the operative language in Title VII, so the analysis utilized under either act is interchangeable.") with Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 173 (2009) ("Because Title VII is materially different with respect to the relevant burden of persuasion, however, [Title VII] decisions do not control our construction of the ADEA."); see also Spagnuolo v. Whirlpool Corp. 717 F.2d 114, 120 n.3 (4th Cir. 1983) (observing that analogies between ADEA and Title VII will not always be appropriate but concluding that the similarities between the language of the provisions authorizing equitable relief in ADEA and Title VII and the congruence of purpose behind the equitable relief make appropriate the application of the teachings of Title VII reinstatement cases to ADEA reinstatement questions).

**RECOMMENDATION**

Merritt's federal discrimination claims are time barred, and he has advanced no argument for waiver, estoppel, or equitable tolling of the statutory limitations periods. The court therefore recommends that Kauffman's motion to dismiss be granted.[5]

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 28, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[5] If this recommendation is adopted, Merritt's state law breach of contract claim will be the only cause of action remaining before the court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).