IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre D. Merritt,<br><br>    Plaintiff,<br><br>v.<br><br>P. Kaufmann, Inc.,<br><br>    Defendant. | C/A No.:  3:12-1795-JFA<br><br><br>ORDER |

  Plaintiff Andre Merritt filed this action alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.*; and three state law claims against defendant P. Kaufmann, Inc. (Kaufmann).  The primary matter before this Court is Kaufmann's motion to dismiss Merritt's claims based on the federal anti-discrimination statutes.[1]  The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein she recommends that the court grant Kaufmann's motion because Merritt's federal discrimination claims are time-barred.  Merritt filed timely objections to the Report and Recommendation, and thus this matter is ripe for review.

  The Report and Recommendation sets forth the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.  Briefly, however, following his

---

[1] Merritt has stipulated to the dismissal of two of his state law claims, and the third is not at issue in Kaufmann's motion to dismiss.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

termination, and before filing suit in this case, Merritt filed a Charge of Discrimination with the U.S. Equal Opportunity Employment Commission (EEOC) on February 15, 2011. The Charge includes the following three paragraph statement of "the particulars":

> 1.   I began my employment with P. Kaufmann, Inc. on April 30, 1991. I performed at an above standard level. My employment was terminated on April 6, 2010 and the code for the action was identified was a voluntary termination on April 27, 2010. This led to problems obtaining Cobra Insurance coverage.
> 2.   I was not provided with a reason for the code being changed from AR (ARRA) to TE (voluntary termination).
> 3.   I believe I have been discriminated against based on race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been discriminated against based on age, 47, in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe that I have been discriminated against based on disability and Retaliation [sic] in violation of the Americans with Disabilities Act of 1990, as amended.

Merritt brought the instant lawsuit on June 29, 2012. Regarding the discrimination claims at issue in the present motion, Merritt's Complaint alleges that Kaufmann discriminated against him under Title VII, the ADA, and the ADEA in terminating his employment. However, his Complaint does not mention the COBRA Insurance issue raised in the Charge.

The primary issue in the present motion is whether Merritt filed his Charge with the EEOC in a timely fashion. As the Magistrate Judge explained, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC before the plaintiff can file suit under Title VII, the ADA, or the ADEA. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); *id.* § 12117(a) (ADA); 29 U.S.C. § 626(d) (ADEA). Additionally, in South Carolina, the plaintiff must file his Charge within 300 days after an "alleged unlawful employment practice" occurs. 42 U.S.C. § 2000e-5(c), (e); *id.* § 12117(a); *cf.* 29 U.S.C. § 626(d)(1)(B) (300 days after the "alleged unlawful practice" occurs). If the plaintiff fails to file his EEOC Charge in a timely fashion, his claim in federal court is barred. *See Venkatraman v. REI Systems, Inc.*, 417 F.3d

2

418, 420 (4th Cir. 2005); *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994). The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

In her Report and Recommendation, the Magistrate Judge found that because Merritt filed his Charge with the EEOC more than 300 days after April 6, 2010, the date Kaufmann terminated him, his claims are time-barred.[3] Merritt makes three primary objections to the Magistrate Judge's Report and Recommendation. First, Merritt notes that the EEOC did not treat his Charge as untimely. Second, Merritt argues that because Kaufmann never objected to the timeliness of Merritt's Charge during its pendency at the EEOC, Kaufmann has waived its right to this defense. And third, Merritt argues that, had the Magistrate Judge considered April 27, 2010—the date Merritt discovered Kaufmann's change in coding—as the date from which the 300 day clock began to run, she would have found his Charge to have been timely filed. In Reply, Kaufmann disputes each of these objections. Kaufmann also notes that, should the court find Merritt's claim to be timely, it should also consider its argument that the scope of Merritt's claims in this lawsuit exceed the scope of his Charge. The court addresses each of these arguments in turn below.

*Objection 1: The EEOC Treated the Charge as Timely Filed*

---

[3] There appears to be some dispute as to whether the date Merritt filed his Charge should be the date he signed his intake questionnaire, February 1, 2011, or the date he actually filed the Charge with the EEOC, February 15, 2011. The Magistrate Judge found it unnecessary to determine whether Merritt's intake questionnaire could constitute the requisite Charge under applicable law, and this court agrees. If the 300-day clock began to run as of April 6, 2010, Merritt's Charge was filed either 315 or 301 days later, depending on whether the February 15 or February 1 date is used. If the clock began to run as of April 27, 2010, as Merritt alleges, his Charge was filed either 294 or 280 days later. Thus, as discussed in more detail below, the date the clock should *start* running is the determinative issue.

3

As an initial matter, although the EEOC did not reject the allegations set forth in Merritt's Charge as untimely, it is not clear that the allegations in the Charge are the same allegations Merritt now includes in his Complaint. More particularly, at various points in the process, Merritt has alleged that Kaufmann discriminated against him based on race, age, and disability when it: 1) changed the code of Merritt's employment on April 27, 2010, which led to problems obtaining COBRA Insurance; and 2) terminated Merritt on April 6, 2010. The latter allegedly unlawful employment practice is the one at issue in Merritt's Complaint in this case. If Merritt did not include this latter claim in the Charge, the EEOC cannot have considered whether it was timely.

"In determining what claims a plaintiff properly alleged before the EEOC, [a court] may look only to the charge filed with that agency." *Balas v. Huntington Ingalls Indus.*, Case No. 12-1201, at 9 (4th Cir. Mar. 15, 2013). The Charge can be read several ways. According to Kaufmann, Merritt was only complaining in the Charge about the COBRA Insurance issue, and the discrimination he alleges under Title VII, the ADA, and the ADEA in the Charge refers only to his former employer changing the coding of his employment on April 27, 2010. In this regard, the Charge states that the date the discrimination took place was April 27, 2010, and based on this date the Charge was timely filed. On the other hand, Merritt mentions his termination in the same paragraph as he mentions Kaufmann changing the coding, but the allegations of discrimination based on race, disability, and age are set apart in a separate paragraph. Thus, the allegations of discrimination could be referring both to Kaufmann's conduct in changing the coding and in Kaufmann's conduct in terminating him.

Importantly, however, the court need not resolve this issue to dispose of this objection. Even if the EEOC had considered Merritt to be alleging discrimination based on his termination

4

in his Charge and that the Charge was timely as to this issue, the EEOC's determination as to timeliness is not binding on this court. Rather, this court must consider Merritt's discrimination claims *de novo*. *See Laber v. Harvey*, 438 F.3d 404, 420 (4th Cir. 2006) (quoting *Chandler v. Roudebush*, 425 U.S. 840 (1976)). Therefore, the court finds no merit to this objection.

*Objection 2: Kaufmann Waived its Objection to Timeliness*

In its Reply to this objection, Kaufmann first argues that it never had the opportunity to object to the timeliness of the Charge. In particular, Kaufmann interpreted the Charge as only relating to the coding of Merritt's termination, and the Charge was timely with respect to this allegation. Still, as explained above in addressing Merritt's first objection, the court finds that the Charge does not clearly relate only to the coding issue. There is at least an argument that it includes allegations of discrimination based on his termination.

Nonetheless, the court finds that Kauffman did not waive its objection to the timeliness of the Charge by failing to make this argument before the EEOC. Merritt has cited no authority in favor of his waiver argument, and the court finds the authority Kaufmann cites in its Reply to be persuasive. A defendant who fails to make an argument regarding the timeliness of a Charge before the EEOC has not waived its right to object to the Charge's timeliness before this court. This is especially true where the Charge is ambiguous as to the claims included therein and is timely with respect to at least some of those claims. Accordingly, Merritt's second objection must also fail.

*Objection 3: The Charge Is Timely Because the Clock Should Run as of April 27, 2010*

As explained above, the Charge was timely filed with respect to Merritt's allegations that Kauffman discriminated against him by changing coding of his termination for the purposes of COBRA insurance. Merritt discovered this on April 27, 2010, and the EEOC referred to this

5

date as the earliest date of discrimination in the Charge.  However, these claims were not included in Merritt's Complaint and are not at issue in this case.  Rather, the claims of discrimination in Merritt's Complaint are based on his termination from Kauffman, which occurred on April 6, 2010.

Merritt now argues that his claims before this court are timely because the court should consider the 300-day statutory clock to begin running as of April 27, 2010.  Again, if the 300-day clock should run as of April 6, 2010, the date that Merritt was terminated, his Charge was not timely filed, regardless of whether his intake questionnaire could be considered to be a Charge under relevant law.  If, however, the 300-day clock begins to run as of April 27, 2010, the Charge was timely filed.

Based upon the statutory language, however, this objection is unavailing.  Title VII and the ADA require that the plaintiff file a Charge within 300 days after an "alleged unlawful employment practice" occurs.  42 U.S.C. § 2000e-5(c), (e); *id.* § 12117(a).  Similarly, the ADEA states that a plaintiff must file a Charge within 300 days after an "alleged unlawful practice" occurs.  29 U.S.C. § 626(d)(1)(B).  With respect to the claims in Merritt's Complaint, the alleged unlawful employment practice (or alleged unlawful practice) is his termination, not Kauffman's changing the coding of his employment.  For the purposes of the claims before this court, it is irrelevant that Merritt discovered the recoding discrepancy on April 27, 2010.  Thus, Merritt had 300 days from April 6, 2010 to file his Charge.  Because he did not do so within this window, his claims before this court are time-barred.  And as the Magistrate Judge capably explained, courts in this Circuit have strictly construed the statutory limitations period.  Therefore, Merritt's policy argument against strict construction is unpersuasive.

Because the court finds that Merritt's claims are time-barred, it need not consider Kaufmann's argument that Merritt's claims are beyond the scope of his Charge.

## CONCLUSION

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the Court finds the Magistrate Judge's recommendation to be proper. The court grant's Kaufmann's motion to dismiss and hereby dismisses Merritt's first, second, and third causes of action with prejudice.  The only remaining cause of action at issue in this case is Merritt's state law breach of contract claim, which does not appear to fall within the court's original jurisdiction but does fall within the court's supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  Because the court has dismissed all claims over which it has original jurisdiction, the court hereby declines to exercise its supplemental jurisdiction over Merritt's remaining claim.  *See id.* § 1367(c)(3).  Accordingly, the court dismisses Merritt's breach of contract claim without prejudice.

    IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

March 18, 2013                       Joseph F. Anderson, Jr.
Columbia, South Carolina         United States District Judge